# Exhibit "A"

SUMMONS      SC-85-1      Clyde Castleberry Co., Covington, GA. 30015

## IN THE SUPERIOR/~~STATE~~ COURT OF  DOUGHERTY  COUNTY
## STATE OF GEORGIA

ROY E. CARR, II

CIVIL ACTION NUMBER  11CV208

2nd original

**PLAINTIFF**

VS.

THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY,
UNITED RENTALS (NORTH AMERICA) INC.,
ABC CORPORATION AND XYZ CORPORATION

**DEFENDANT**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**THE LEDFORD LAW FIRM, LLC**
**P.O. BOX 287**
**ALBANY, GA 31702**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___1___ day of ___Feb___, 20_11_.

Clerk of Superior/~~State~~ Court

BY ___S. Elkins P.k.___
                                              Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed; make notation on this sheet if addendum sheet is used.

# General Civil Case Filing Information Form (Non-Domestic)

**Court**  County DOUGHERTY        **Date Filed** 2-1-11
☑ Superior                                    MM-DD-YYYY
☐ State        Docket # 11CV208-2

**Plaintiff(s)**
CARR ROY E. II
Last  First  Middle I. Suffix Prefix  Maiden

Last  First  Middle I. Suffix Prefix  Maiden

Last  First  Middle I. Suffix Prefix  Maiden

Last  First  Middle I. Suffix Prefix  Maiden

**No. of Plaintiffs** 1

**Defendant(s)**
THE PROCTER & GAMBLE PAPER PRODUCT
Last  First  Middle I. Suffix Prefix  Maiden

UNITED RENTALS (NORTH AMERICA) INC.
Last  First  Middle I. Suffix Prefix  Maiden

ABC CORPORATION
Last  First  Middle I. Suffix Prefix  Maiden

XYZ CORPORATION
Last  First  Middle I. Suffix Prefix  Maiden

**No. of Defendants** 4

**Plaintiff/Petitioner's Attorney**       ☐ Pro Se

LEDFORD THOMAS G.
Last    First    Middle I.  Suffix

**Bar #** 443087

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort, fill in right column)
☐ Other General Civil Specify _____

### If Tort is Case Type: (Check no more than TWO)

☐ Auto Accident
☑ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

Are Punitive Damages Pleaded? ☐ Yes ☑ No

IN THE STATE COURT FOR THE COUNTY OF DOUGHERTY
STATE OF GEORGIA

ROY E. CARR, II,

    Plaintiff,

vs.

THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY,
UNITED RENTALS (NORTH AMERICA)
INC., ABC CORPORATION, and
XYZ CORPORATION.

    Defendants.

CIVIL ACTION NO.

11CV0082

FILED 2011 FEB -1 PM 1:24
EVONNE S. HULL
DOUGHERTY COUNTY
CLERK OF COURTS

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW, the plaintiff and states his Complaint as follows:

1.

The defendant, The Procter & Gamble Paper Products Company (hereinafter "P&G"), is a corporation organized and existing under the laws of the State of Ohio with a place of business located at U.S. Highway 19, (512 Liberty Expressway) Albany, Georgia. This defendant is subject to the jurisdiction of this Court in regard to plaintiff's tort claim arising out of the operation of its business in Dougherty County, Georgia. Service may be perfected on this defendant by serving its plant manager.

2.

The defendant, United Rentals (North America) Inc. (hereinafter "United") is the owner of the Broderson crane or other crane referenced in plaintiff's complaint (hereinafter "the equipment"). Said defendant is a corporation organized and existing under the laws of Delaware and was the corporation which was the owner and/or lessor of the equipment and was responsible for the condition of the equipment. Said defendant may be served by serving its registered agent, Corporate Service Company, 40 Technology Parkway, South, #300, Norcross, Gwinnett County, Georgia 30092.

3.

The defendant, ABC Corporation is a fictional corporation whose name is not known at this time who is the lessee or other entity who brought the equipment onto the property of P&G and supervised and/or controlled its use.

4.

The defendant, XYZ Corporation is a fictional corporation whose name is not known at this time who was responsible for the maintenance and repair to the equipment.

5.

On April 2, 2009, the defendant, P&G, was the owner of the premises of The Procter & Gamble Paper Products Company plant located at 512 Liberty Expressway in Albany, Georgia. The plaintiff was an employee of a general contractor, Spirit Construction Company, performing work on the premises aforementioned.

6.

The defendant, P&G, had contracted with the plaintiff's employer to perform certain work on the premises owned by P&G as referenced in paragraph #5. The defendant warranted to contractors and their employees entering its property aforementioned, who would be business invitees under Georgia law, that its premises were in a safe condition.

7.

The defendants jointly and severally were responsible for the safety of the equipment on the premises of the defendant, P&G. The defendant, P&G, had a duty under Georgia and Federal law to supervise the contractors working on its premises to be sure their activities were carried on safely and did in fact assume this

responsibility by frequently conducting inspections of equipment to be used on the property and/or safety meetings to ensure the safe operation of the project being done on its premises. The defendant United has a responsibility to see to it the equipment it furnished was in good working order, properly maintained and complied with all applicable laws and contractual requirements.

8.

On April 2, 2009, the plaintiff was on the premises aforementioned on behalf of his employer and was working near the equipment performing work assigned to him by his employer and in the furtherance of its contract with P&G referenced herein.

9.

On said occasion the equipment was defective because the warning horn to warn of lower of the stabilizing leg component on the equipment was either disconnected or not operational.

10.

Immediately prior to the incident which forms the basis of this Complaint and up to and through the time that the plaintiff was injured by the crane leg aforementioned the equipment was the exclusive responsibility of the defendants herein, their agents and employees. The installation and use of the warning horn on the equipment aforementioned at the P&G site was a requirement of law, safety and/or the contracts, rules and regulations required to keep P&G's premises safe.

11.

The defective and dangerous condition of the equipment aforementioned was unknown to the plaintiff and not readily observable to him but was well known to the defendants and/or should have been discovered through the exercise of ordinary care

and reasonable diligence on the part of the defendant and its agents.

12.

On said occasion while plaintiff was on the premises aforementioned the plaintiff, the stabilizing leg on the crane was lowered and came down on top of the plaintiff's foot, crushing his left foot, disabling him and causing serious, permanent injuries to his person.

13.

As a result of the injuries aforementioned the plaintiff has suffered and will continue to suffer great pain of mind and body, will undergo significant mental anguish, and will, in reasonable probability, suffer permanent bodily impairment and loss of earning capacity.

14.

As a result of his injuries the plaintiff has incurred extensive medical treatment costing an amount estimated to exceed $500,000.00 to date, the exact amount of the same to be added hereto by amendment and proved at trial. Additionally, it is likely that the plaintiff will require additional medical care and treatment for the remainder of his natural life.

15.

At the time of the incident aforementioned the plaintiff was an able-bodied man 48 years of age with a reasonable life expectancy of 27.93 years, employed by Spirit Construction Company, earning a weekly wage of at least $720.00. Plaintiff had a reasonable life expectancy of 27.93 years and reasonably anticipated that he would continue his employment at least until age 65. He has lost wages to date of approximately $60,000.00 and will likely have future wage loss of $500,000.00 or

more. The exact amount of the wage loss will be added hereto by amendment and/or proved upon the trial of this case. Additionally, it is likely that the plaintiff will require additional medical care and treatment for the remainder of his natural life.

16.

As a result of the injuries received in the incident aforementioned the plaintiff has been totally disabled and will, in likelihood remain totally disabled for the remainder of his natural life.

17.

The incident aforementioned was a direct and proximate result of the combined negligence of the defendants and/or their agent and the breach of the defendants' warranty of the safety of the premises and/or the equipment to users of the same.

18.

The combined negligence of the defendants caused the plaintiff's injury.

WHEREFORE, the plaintiff prays that he have judgment against the defendants in the following amounts:

(a) All medical expenses incurred as a result of the injuries aforementioned as may be proved upon the trial of this cause;

(b) All wages lost as a result of the injuries aforementioned in an amount as may be proved upon the trial of this cause;

(c) An amount sufficient to compensate plaintiff for his future lost wages and medical expenses;

(d) General damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and

(e) All costs of this action.

This 31st day of January, 2011.

                VANSANT & CORRIERE, LLC
                Attorneys for Plaintiff

BY: _____
                ALFRED N. CORRIERE
                State Bar No. 188650

Post Office Box 347
Albany, Georgia 31702-0347
(229) 883-6800

                THE LEDFORD LAW FIRM
                Attorneys for Plaintiff

BY: _____
                THOMAS G. LEDFORD
                State Bar No.: 443087

BY: _____
                JOHN R. LEDFORD
                State Bar No.: 869602

Post Office Box 287
Albany, Georgia 31702
(229) 431-2310